UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>LESTER ROBERT ERB, JR.,<br>LESTER ROBERT ERB, III, and<br>TIM O. BOWEN,<br><br>      Defendants. | Case No. 05-cv-40052-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for a bill of particulars filed by defendant Lester Robert Erb, Jr. ("Erb") (Doc. 41). Erb has been indicted on three counts of making a false statement in certificates of training for three named individuals (counts 1-3) and on three counts of making a false statement in hearings before the United States Department of Labor, Mine Safety and Health Administration ("MSHA") (counts 4-6). Erb seeks a bill of particulars as to counts 4 and 6 specifying certain details regarding his allegedly false statements. The government has responded to the motion (Doc. 51).

As a preliminary matter, the motion was filed beyond the deadline set in the Court's Order for Pre-Trial Discovery and Inspection (Doc. 21), which requires pretrial motions to be filed within 21 days of the arraignment. Erb was arraigned on January 26, 2006, so this motion filed May 22, 2006, is more than three months late. Erb did not request an extension of this deadline and has not offered any explanation why he could not have filed a timely motion.

Furthermore, the Court finds that a bill of particulars is not necessary. A bill of particulars is required if the government's indictment does not "sufficiently apprize[] the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d

928, 949 (7th Cir. 1991).

In the Court's opinion, the indictment in this case is adequate to apprize Erb of the charges against him to enable him to prepare for trial. The indictment contains an introduction that adequately notifies Erb of the background events that led to the government's seeking the indictment, including an accident involving a blue truck at a mine. As for count 4 in particular, the indictment points to Erb's alleged statement or representation to MSHA officials on April 11, 2003, that he "was not aware of any problems with the blue truck and . . . had never received any complaints about the blue truck" and asserts that the statement was knowing and willful, material, and false. As for count 6, the indictment points to Erb's alleged statement or representation to MSHA officials on April 18, 2003, that he "was not aware of the condition of the blue truck," and that that statement was also knowing and willful, material, and false. These charges, read in combination with the introduction, are sufficient to apprize Erb of the charges such that he can prepare for trial.

Moreover, the Court notes that "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.'" *Id*. The Seventh Circuit has held that this requirement is satisfied by the government's "open-file" discovery policy, which allows defense counsel to inspect all files and testimony in the government's possession. *Id*. "The nature and operations of the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary." *Id*.

In this case, the government's open file policy has allowed Erb to access the transcripts of the MSHA hearings at which he allegedly made the false statements or representations at issue in counts 4 and 6. He is surely able to locate the passages of the transcripts that deal with

the subject matter of the alleged false statements or representations in order to prepare to defend against the charge that those statements were knowing and willful, material, and false.

For all of these reasons, the Court **DENIES** the motion for a bill of particulars (Doc 41).

**IT IS SO ORDERED.**
**DATED:  May 30, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
