UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

LESTER ROBERT ERB, JR.,
LESTER ROBERT ERB, III, and
TIM O. BOWEN,

Defendants.

Case No. 05-cr-40052-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to sever (Doc. 56) and motion to strike

(Doc. 57) filed by defendant Lester Robert Erb, Jr. ("Erb").  Erb has been indicted on three

counts of making a false statement in certificates of training for three named individuals (counts

1-3) and on three counts of making a false statement in hearings before the United States

Department of Labor, Mine Safety and Health Administration ("MSHA") (counts 4-6), all in

violation of 18 U.S.C. §§ 1001 and 2.

As a preliminary matter, the motions were filed beyond the deadline set in the Court's

Order for Pre-Trial Discovery and Inspection (Doc. 21), which requires pretrial motions to be

filed within 21 days of the arraignment.  Erb was arraigned on January 26, 2006, so these

motions filed May 31, 2006, are more than three months late.  Erb did not request an extension

of this deadline and has not offered any explanation why he could not have filed  timely motions.

Even if the motions had not been untimely, the Court would deny them for the following

reasons.

## I.      Motion to Sever (Doc. 56)

Erb asks the Court to sever the trial of counts 1, 2 and 3 from the trial of counts 4, 5 and 6

on the grounds that the alleged written misrepresentations in counts 1, 2 and 3 are not central to the hearings upon which counts 4, 5 and 6 are based and are not similar in character or based on the same acts or transactions as those at issue in counts 4, 5 and 6.  He believes he will be prejudiced by the joinder of all counts.

Federal Rule of Criminal Procedure 8(a) allows joinder of multiple offenses in a single trial.[1]  Offenses are properly joined under Rule 8(a) if they are similar, are based on the same act or transaction or are based on different acts or transactions that are connected or part of the same scheme or plan.  Whether charged offenses fit into these categories is determined by the face of the indictment, not the evidence adduced at trial.  *United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994).  In addition, Rule 8(a) "should be broadly construed in order to increase judicial efficiency and to avoid costly and duplicative trials.  *United States v. Freland*, 141 F.3d 1223, 1226 (7th Cir. 1998).

However, Federal Rule of Criminal Procedure 14 provides that a court may sever offenses for trial if a defendant or the government is prejudiced by such a joinder.[2]  Working

---

[1]Rule 8(a) provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

[2]Rule 14 provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trial of counts, grant a severance of defendants or provide whatever other relief justice requires.  In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements

2

together, Rules 8 and 14 "are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (internal quotations omitted)).

A court should grant severance under Rule 14 only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Rule 14 leaves the determination of risk of prejudice from a joint trial and any remedy that may be necessary to the sound discretion of the district court. *Id.* A defendant is not entitled to a separate trial simply because he might have a better chance of acquittal if offenses or defendants are severed. *See id.* at 540. Furthermore, many times any potential prejudice to a defendant may be avoided by a limiting instruction to the jury, thereby avoiding the need for severance. *Id.* at 539.

In this case, it appears from the face of the indictment that the acts charged in counts 1, 2 and 3 are similar to the acts charged in counts 4, 5 and 6 in that all counts involve alleged misrepresentations to MSHA about aspects of mine safety at the Cottage Grove Auger Mine. In the Court's view, they are sufficiently similar to be properly joined under Rule 8(a). Furthermore, Erb has not explained to the Court the nature of the prejudice he believes he would suffer if all counts are tried together, much less how such prejudice constitutes a "serious risk that a joint trial would compromise a specific trial right . . ., or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Consequently, the Court declines to sever the counts in this case.

---

or confessions made by the defendants which the government intends to introduce in evidence at the trial.

**II.      Motion to Strike (Doc. 57)**

Erb asks the Court to strike counts 1 and 2 of the indictment on the grounds that the indictment does not sufficiently allege a violation of 18 U.S.C. § 1002.  The motion is misguided.  Erb is charged with violating 18 U.S.C. § 1001, and the indictment charges that he may be held liable under 18 U.S.C. § 2 for that violation as a principal even if he only aided or abetted or otherwise assisted in the offense.  The indictment does not charge Erb with violating 18 U.S.C. § 1002.

**III.     Conclusion**

For the foregoing reasons, the Court **DENIES** the motion to sever (Doc. 56) and the motion to strike (Doc. 57).  The Court further **WARNS** Erb that it may summarily deny as untimely any additional pretrial motions unless Erb establishes why he could not file the motion within the designated pretrial motions period.

**IT IS SO ORDERED.**
**DATED:  June 5, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**